UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No. 11-cv-05035 |
| ) | |
| v. ) | Judge John Z. Lee |
| ) | |
| YELLOW PAGE MARKETING B.V., a foreign ) | Magistrate Judge Maria Valdez |
| corporation, also doing business as YELLOW ) | |
| PAGE B.V. and YELLOW PAGE ) | |
| (NETHERLANDS) B.V., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFAULT JUDGMENT AND ORDER FOR
### PERMANENT INJUNCTION AND MONETARY RELIEF

On July 26, 2011, Plaintiff, Federal Trade Commission ("FTC" or "Commission") filed a Complaint for Permanent Injunction and Other Equitable Relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), against: Yellow Page Marketing B.V., also doing business as Yellow Page B.V. and Yellow Page (Netherlands) B.V.; Yellow Publishing Ltd.; Yellow Data Services Ltd.; and Jan Marks.

The Court, having found all Defendants in default, and the Commission, having moved for entry of default judgment on all counts of the Complaint against Defendants, **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. This is an action by the Commission under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b). The Commission's Complaint seeks permanent injunctive relief against Defendants in connection with the offering for sale or sale of Internet directory listings in

violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and seeks equitable monetary relief in the form of consumer redress and/or disgorgement. Pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the Commission has the authority to seek the relief contained herein.

2. This Court has jurisdiction over the subject matter of this case and over all parties hereto.

3. Venue is proper as to all Defendants in the Northern District of Illinois.

4. The Commission's Complaint states a claim upon which relief may be granted against Defendants under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

5. The activities of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6. Pursuant to the Court's order granting the FTC's motion for alternative service on Defendants Yellow Page Marketing B.V., Yellow Publishing Ltd., and Yellow Data Services Ltd. (Doc. 44), they were served with process in this matter on November 10, 2011, November 11, 2011, and/or November 14, 2011 using the various means authorized by the Court. Defendants Yellow Page Marketing B.V., Yellow Publishing Ltd., and Yellow Data Services Ltd. thereafter failed to file an answer to the Complaint within the time set forth by Rule 12(a) of the Federal Rules of Civil Procedure, or to otherwise defend this action. On December 13, 2011, the Court entered an order of default as to these Defendants. (Docs. 47 & 48.) The Commission now is entitled to a default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as to Defendants Yellow Page Marketing B.V., Yellow Publishing Ltd., and Yellow Data Services Ltd.

7. On August 25, 2011, Defendant Jan Marks waived service of process in this

matter. (Doc. 29.) Defendant Marks failed to respond to the FTC's discovery requests. As a result, the Court entered an order compelling such responses. (Doc. 67.) Defendant Marks thereafter failed to respond to the FTC's discovery requests. As a result, on August 30, 2012, the Court entered an order imposing sanctions on Defendant Marks, including striking his First Amended Answer and the entry of default. (Doc. 73.) The Commission is now entitled to a default judgment, pursuant to Rule 37(b)(2)(A)(vi) and Rule 55(b) of the Federal Rules of Civil Procedure, as to Defendant Marks.

8. The factual allegations in the Commission's Complaint are taken as true against all Defendants. Those allegations and the evidence supporting them establish that Defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

9. The Court now finds that, in connection with the offering for sale or sale of Internet directory listings, Defendants have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by falsely representing to consumers, expressly or by implication, that consumers have a preexisting business relationship with Defendants.

10. The Court further finds that, in connection with the offering for sale or sale of Internet directory listings, Defendants have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by falsely representing to consumers, expressly or by implication, that Defendants are the publisher, or are affiliated with the publisher, of consumers' local yellow pages directories.

11. Defendants are likely to continue to engage in the acts and practices alleged in the Complaint unless they are permanently enjoined from such acts and practices.

12. Defendants' net sales (total sales minus refunds, returns, and chargebacks) amounted to $10,234,565.35 United States Dollars from the conduct alleged in the Commission's

Complaint. *See, e.g., FTC v. Trudeau*, 579 F.3d 754, 771 (7th Cir. 2009) ("Consumer loss is a common measure for civil sanctions in contempt proceedings and direct FTC actions.").

13. The Commission is therefore entitled to equitable monetary relief against Defendants in the amount of ten million, two hundred thirty-four thousand, five hundred sixty-five Dollars and thirty-five Cents ($10,234,565.35 USD), for which Defendants are jointly and severally liable.

14. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

15. Entry of this Order is in the public interest.

16. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants, their officers, agents, servants, employees, attorneys, corporations, successors and assigns, and upon those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise.

## DEFINITIONS

For purposes of this Default Judgment and Order for Permanent Injunction and Monetary Relief ("Order"), the following definitions shall apply:

1. "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. **"Assisting others"** includes, but is not limited to: (1) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities; (2) acting as an officer, director, or registered agent of a business entity; (3) establishing bank and/or merchant accounts; (4) handling banking transactions; (5) establishing mail accounts and/or mail receiving boxes; (6) forwarding mail or telephone calls received from consumers; (7) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints, or forwarding consumer telephone calls; (8) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (9) providing names of, or assisting in the generation of, potential customers; (10) performing or providing marketing or billing services of any kind; or (11) providing telemarketing services.

3. **"Consumer"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

4. **"Corporate Defendant"** or **"Corporate Defendants"** means Yellow Page Marketing B.V., also doing business as Yellow Page B.V. and Yellow Page (Netherlands) B.V.; Yellow Publishing Ltd.; and Yellow Data Services Ltd., , or any of them, by whatever other names each may be known, and their successors and assigns, and any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities.

5. **"Customer"** means any person who has paid, or may be required to pay, for goods or services offered for sale or sold by any Defendant.

6. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

7. **"Document"** or **"documents"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Web pages, Websites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

9. **"Individual Defendant"** means Jan Marks and by whatever names he may be known.

10. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11. **"Person"** or **"persons"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

13. **"Telemarketing"** means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

14. **"Website"** means a set of electronic documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the World Wide Web, standard software, and knowledge of the Website's location or address.

15. **"World Wide Web"** means a system used on the Internet for cross-referencing and retrieving information.

## I.

## BAN ON CERTAIN ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, division, or other device, are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others in the marketing, advertising, promotion, telemarketing, offering for sale, sale, or distribution of Internet directories and/or listings in Internet directories in any format.

## II.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, sale, or provision of any good or service, are hereby restrained and enjoined from misrepresenting, or assisting others in misrepresenting, either orally or in writing, expressly or by implication, any material fact, including, but not limited to:

A. That consumers have a preexisting business relationship with Defendants;

B. That consumers have agreed to purchase a good or service from Defendants;

C. That consumers owe money to Defendants for any good or service;

D. The nature of Defendants' relationship with consumers, and the purpose of their communication with consumers;

E. The total cost to purchase, receive, or use the goods or services;

G. Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

H. Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

I. Any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services.

### III.

### MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered in favor of the Commission and against Defendants, jointly and severally, for equitable monetary relief, in the amount of ten million, two hundred thirty-four thousand, five hundred sixty-five Dollars and thirty-five Cents ($10,234,565.35 USD), as equitable relief for consumer injury.

B. Upon entry of this Order, this monetary judgment shall become immediately due and payable by Defendants, and interest, computed pursuant to 28 U.S.C. § 1961(a), as amended, immediately shall begin to accrue upon the unpaid balance.

C.  All payments under this Section shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with directions provided by counsel for the Commission.

D.  All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section. Defendants shall have no right to contest the manner of distribution chosen by the Commission. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

## IV.

### TURNOVER OF ASSETS HELD BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, in order to partially satisfy the monetary judgment set forth in Section III above, any financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, network transaction processor, payment processor, business entity, or person that holds, controls, or maintains custody of any account or asset of any Defendant, or any account or asset held on behalf of, or for the benefit of, any

Defendant, or any account or asset frozen pursuant to (a) the *Ex Parte* Temporary Restraining Order with Asset Freeze, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue; (b) the Preliminary Injunction as to Defendants Yellow Page Marketing B.V., Yellow Publishing Ltd., and Yellow Data Services Ltd.; and (c) the Stipulated Preliminary Injunction as to Defendant Jan Marks, previously entered in this matter, shall turn over such account or asset to the Commission, by wire transfer pursuant to directions provided by counsel for the Commission, or as otherwise agreed to in writing by counsel for the Commission, within ten (10) business days of receiving notice of this Order by any means, including, but not limited to, via facsimile.

The accounts and assets to be turned over to the Commission pursuant to this Section include, without limitation, the following: (1) any funds remaining in the "Yellow Page Marketing B.V." account held by PayPal, Inc.; and (2) any funds remaining in the "Jan Marks" account held by PayPal, Inc.

## V.

### DISPOSITION OF UNCASHED CHECKS

**IT IS FURTHER ORDERED** that Defendants waive and release all rights, claims, and interests in all uncashed checks and other negotiable instruments previously and hereafter sent by consumers in response to Defendants' telemarketing, invoices and/or collection activities related to Internet directories and/or listings in Internet directories. Said uncashed checks and negotiable instruments, held by the Commission pursuant to the Temporary Restraining Order and Preliminary Injunctions issued in this action, shall not be cashed, but shall be returned to their makers by the Commission or its agent; and the Commission or its agent is authorized for this

purpose to open any mail addressed to any Defendant that is or has been forwarded to the Commission and to dispose of such mail as the Commission, in its sole discretion, determines to be appropriate. In the event that the makers of the uncashed checks or negotiable instruments cannot be located, or the Commission, in its sole discretion, determines that the return of checks or negotiable instruments is otherwise impracticable, the Commission or its agent shall destroy the checks or negotiable instruments.

Third parties, including Regus plc, receiving any such additional uncashed checks and negotiable instruments on behalf of any Defendant, shall, after receiving notice of this Order, forward such additional uncashed checks and negotiable instruments by overnight courier to: Federal Trade Commission, Midwest Region, 55 West Monroe Street, Suite 1825, Chicago, Illinois 60603, or as otherwise agreed to in writing by counsel for the Commission. The Commission shall dispose of any such additional uncashed checks and negotiable instruments pursuant to this Section.

## VI.

### PROHIBITIONS REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are permanently restrained and enjoined from:

    A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information,

or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the marketing, advertising, promotion, telemarketing, offering for sale, sale, or distribution of Internet directories and/or listings in Internet directories in any format; and

      B.      Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed. *Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VII.

## PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby permanently restrained and enjoined from attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment for any Internet directory and/or listing in any Internet directory in any format, directly or through any third party.

## VIII.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance

report, sworn under penalty of perjury.

1. Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of

contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Yellow Page Marketing B.V., et*

contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Yellow Page Marketing B.V., et*

*al.*, FTC Matter No. X110044.

## X.

## **RECORDKEEPING**

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

    A.    Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    C.    Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    A copy of each advertisement or other marketing material.

## XI.

## **COMPLIANCE MONITORING**

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII.

### LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the assets of Defendants shall remain in effect until the Commission has received the total amount required by Section III above, *provided, however,* that Defendants may transfer funds to the extent necessary to make all payments required by Section III. Upon payment to the Commission of the total amount required by Section III above, the freeze against the assets of Defendants shall be lifted permanently.

## XIII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this 4th day of October, 2012, at 1:30 p.m.

_____
The Hon. John Z. Lee
United States District Judge
Northern District of Illinois